```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

THOMAS VAN SALISBURY, et al., : CIVIL ACTION NO. 02-126 (MLC)

    Plaintiffs, : **MEMORANDUM OPINION**

    v. :

SHELBY VESTA INSURANCE COS., et al., :

    Defendants. :

**COOPER, District Judge**

The plaintiffs — Thomas Van Salisbury and his wife — bring this action, <u>inter</u> <u>alia</u>, to recover damages for personal injuries. The defendants are (1) Shelby Vesta Insurance Cos. ("SVI"), and (2) Joseph Horvath, Sr., Joseph Horvath, Jr., and Adam Horvath ("Horvaths").[1] SVI moves for summary judgment in its favor as to the claim asserted against it. (Dkt. entry no. 34.) The Court will — without prejudice — (1) dismiss the claim asserted against SVI as premature, and (2) deny the motion.

BACKGROUND

**I.  Incident And Civil Actions**

Van Salisbury and the Horvaths are lobster fishermen. Van Salisbury was shot during an altercation with the Horvaths on March 8, 2001, while they were on the ocean in their respective vessels ("Altercation"). (Am. Compl., at 4.)

---

[1] A separate action brought by the plaintiff Robert Taciak against the Horvaths was consolidated under this docket number in June 2003. (<u>See</u> dkt. entry no. 20.)

Van Salisbury brought this action against only the Horvaths in New Jersey state court in November 2001; it was removed here on January 11, 2002 ("Federal Action").  (Dkt. entry no. 1.)  SVI (1) purportedly insured the Horvaths, and (2) denied coverage concerning claims arising from the Altercation in June 2002.  (Purcell Cert., Ex. F.)[2]

The Horvaths then brought a separate action in June 2002 in New Jersey state court against SVI for a judgment declaring that SVI was obligated to defend and indemnify them in the Federal Action ("State Action").  (Id.)  SVI sought to depose the Horvaths in response, but they refused to be deposed due to an ongoing criminal investigation concerning the Altercation.  (Id., Ex. H.)

SVI moved for summary judgment in the State Action.  (Id., Ex. J.)  The state court granted the motion in March 2003 because (1) the Horvaths refused to cooperate with SVI, (2) the Horvaths intended Van Salisbury's injuries, and thus coverage was excluded, (3) the business-pursuits and watercraft-use exclusions applied, and (4) the Horvaths failed to timely notify SVI of the claim ("State Court Order").  (Id., Ex. U, 3-19-03 Order.)

---

[2] There is jurisdiction under 28 U.S.C. § 1332, as it appears that when the action was commenced, (1) the plaintiffs were North Carolina citizens, (2) the Horvaths were New Jersey citizens, and (3) SVI was incorporated under the laws of either Illinois or Alabama, with its principal place of business in Alabama.  It appears that the law of New Jersey applies.  If any of the foregoing is incorrect, the parties must advise the Court now.

**II.  Whether Van Salisbury Was Aware Of State Action**

The Horvaths did not name, and SVI did not join, Van Salisbury in the State Action.  But SVI asserts that (1) during a June 2002 hearing in the Federal Action, the Horvaths' counsel "made it clear to the attorney for the Van Salisburys and the court that a declaratory-judgment action either had been instituted or was about to be instituted in the State Court seeking a declaration of coverage for [SVI]," and (2) a "carbon copy of the summons and complaint for declaratory judgment was forwarded to counsel for Van Salisbury on December 6, 2002."  (SVI Br., at 4-5.)  SVI also alleges that it served Van Salisbury with its motion for summary judgment in November 2002.  (SVI Reply Br., at 3.)

Van Salisbury states in response that (1) there "was no indication from Horvath's counsel [at the June 2002 hearing] when the [State Action] would be filed," (2) he was not notified about the State Action until January 2003, (3) "[i]t was the obligation of [SVI] to join Van Salisbury in that action if it intended to preclude Van Salisbury from pursuing coverage in [the Federal Action]," and (4) he "had no obligation to intercede in [the State Action]."  (Van Salisbury Br., at 1-4.)[3]

---

[3]  Van Salisbury failed to file his papers electronically. From now on, papers that are not filed electronically will be disregarded. See http://pacer.njd.uscourts.gov (under "Electronic Filing Info." and "Notice: Mandatory E-filing (11-3-04)").

3

**III. 2004 Through 2005**

This Court — in a matter concerning criminal charges arising from the Altercation — rendered a judgment on September 24, 2004, inter alia, convicting Joseph Horvath, Sr., of possessing a loaded shotgun on a territorial sea of the United States under 18 U.S.C. § 13(a), upon his plea of guilt.  (Van Salisbury Br., Ex. B.)

Van Salisbury amended the complaint in December 2004 to (1) add SVI as a defendant, and (2) seek a judgment against SVI declaring that it was obligated to indemnify the Horvaths.  (Am. Compl., at 10.)  SVI now moves for summary judgment as to the claim asserted against it in the Federal Action, arguing the State Court Order acts to preclude that claim, as well as raising the same arguments addressed in the State Court Order.  Both Van Salisbury and the Horvaths oppose the motion.  (Van Salisbury Br. & Letter Br.; Horvaths Letter Br.)

## DISCUSSION

**I.   Premature Claim Against SVI**

"[P]laintiffs in tort actions [generally] may not directly sue insurers."  Cruz-Mendez v. ISU/Ins. Servs., 156 N.J. 556, 566-67 (1999).  However, "an injured third party who has received a judgment against the insured has standing to pursue the insurer under the rights of the insured."  Rapp v. Awany, 205 F.Supp.2d 279, 284 (D.N.J. 2002); see In re Est. of Gardinier, 40 N.J. 261, 265 (1963) (stating same).  Thus, "an injured party generally possesses no direct cause of action against the insurer of the

4

tortfeasor prior to recovery of judgment." Rivera v. Alonso, No. 88-5529, 1989 WL 200989, at *1 (D.N.J. June 27, 1989); see Kabinski v. Employers' Liab. Assur. Corp., 123 N.J.L. 377, 380 (N.J. 1939) (stating same). The SVI policy at issue reiterates this:

> Coverage E - Personal Liability: [This concerns SVI's rights] [i]f a claim is made or a suit brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies . . . . No one will have the right to join [SVI] as a party to any action against an insured. Also, no action with respect to Coverage E can be brought against [SVI] until the obligation of the insured has been determined by final judgment.

(Purcell Cert., Ex. B, at 12 & 17 (quotation marks omitted).) See Clement v. Atl. Cas. Ins. Co., 25 N.J.Super. 96, 103-04 (County Ct.) (stating judgment-holding plaintiff could pursue recovery from insured's insurer, which issued policy with similar provision), aff'd, 13 N.J. 439 (1953).

Van Salisbury lacks standing to bring a direct claim against SVI, as he has yet to secure a judgment against the Horvaths. The Court will dismiss the amended complaint insofar as asserted against SVI as premature, but without prejudice to Van Salisbury to bring a new claim against SVI should he secure a judgment. Thus, SVI's motion will be denied without prejudice.

**II.  Issues For Parties To Consider Now**

Collateral estoppel, or issue preclusion, is invoked when:

> (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior

>adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

Bd. of Tr. of Trucking Employees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992). The State Court Order has the same preclusive effect in federal court as it would have in New Jersey state court. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83 (1984). Van Salisbury's claim against SVI may be precluded under this doctrine in view of the State Court Order.[4]

Van Salisbury's claim against SVI also may be barred under the Rooker-Feldman doctrine — see D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923) — as the relief sought may impermissibly require the Court to determine that the State Court Order is wrong or void. See Malarik v. Ct. of Com. Pleas, No. 05-1069, 145 Fed.Appx. 756, 757 (3d Cir. Aug. 23, 2005) (stating federal court cannot grant relief inherently requiring review of state court decision in an appellate capacity); McAllister v. Allegheny County Fam. Div., No. 04-3197, 128 Fed.Appx. 901, 902 (3d Cir. Apr. 20, 2005) (stating further that doctrine prevents relief that would prevent state court from enforcing its own order). Application

---

[4] The doctrine of res judicata, or claim preclusion, may not apply. That doctrine bars litigation of matters that have not — but should have — been litigated in a prior suit. Migra, 465 U.S. at 77 n.1. Van Salisbury arguably seeks to relitigate whether SVI must indemnify the Horvaths.

of the Rooker-Feldman doctrine is not waivable; the Court must raise it sua sponte. See Ayres-Fountain v. E. Sav. Bank, No. 05-2418, 2005 WL 2813857, at *1 n.1 (3d Cir. Oct. 27, 2005).

Whether collateral estoppel applies is uncertain, as it remains to be answered whether (1) Van Salisbury is in privity with the Horvaths here, see D'Arata v. N.Y. Cent. Mut. Fire Ins. Co., 76 N.Y.2d 659, 665 (1990) (stating — under New York law — shooting-victim plaintiff, in direct claim against shooter's insurer, is subrogee of shooter's rights as insured, in privity with shooter, and subject to estoppel affecting shooter), (2) there was a full and fair opportunity to address coverage, and (3) Van Salisbury was properly notified or is bound by the State Court Order. See 28 U.S.C. § 1738; Tal v. Franklin Mut. Ins. Co., 172 N.J.Super. 112, 116 (App. Div. 1980) (stating party not bound by result in declaratory-judgment action if party was (a) necessary, and (b) not joined).[5] Whether the Rooker-Feldman doctrine applies also is uncertain. Compare Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S.Ct. 1517, 1521-22 (2005) (curbing

---

[5] It appears the state court granted summary judgment, as opposed to default judgment. Compare Wilson v. Reliance Ins. Co., No. 04-3063, 138 Fed.Appx. 457, 459 (3d Cir. July 7, 2005) (stating collateral estoppel may not apply to default judgment, as issues not actually litigated), with Hitchens v. County of Montgomery, No. 03-1858, 98 Fed.Appx. 106, 110 (3d Cir. Apr. 26, 2004) (stating summary judgment not entered on default, even if uncontested, as court finds summary judgment appropriate by determining facts entitled movant to judgment as matter of law).

7

doctrine's application), with Bass v. Butler, No. 02-4027, 116 Fed.Appx. 376, 385 (3d Cir. Nov. 30, 2004) (suggesting Rooker-Feldman bar may apply if party against whom bar is sought is in privity with party from state-court action).

The complications that may arise from an analysis of the effect of the State Court Order, and costs that would be borne by the parties, would become moot if Van Salisbury and the Horvaths sought relief from the State Court Order in New Jersey state court now. See N.J.Ct.R. 4:50 (concerning relief in state court from state court judgment). That course of action appears to be appropriate and advisable. Further analysis of the issues addressed in the State Court Order may wait.[6]

---

[6] For instance, whether the watercraft-use exclusion — stating there is no coverage for injury arising from the use or ownership of an excluded watercraft (Purcell Cert., Ex. B, at 12-13) — will apply is uncertain. Compare Lindstrom v. Hanover Ins. Co., 138 N.J. 242, 244, 250 (1994) (finding wound from drive-by shooting had substantial nexus to car use), Home State Ins. Co. v. Cont'l Ins. Co., 313 N.J.Super. 584, 593-94 (App. Div. 1998) (finding same where bus passenger assaulted), aff'd, 158 N.J. 104 (1999), and Diehl v. Cumberland Mut. Fire Ins. Co., 296 N.J.Super. 231, 236-37 (App. Div. 1997) (finding same where victim bit by dog in vehicle), with Vasil v. Zullo, 238 N.J.Super. 572, 577-79 (App. Div. 1990) (stating stabbing caused by altercation with other vehicle's occupants not within vehicle use), Uzcatequi-Gaymon v. N.J. Mfrs. Ins. Co., 193 N.J.Super. 71, 73-76 (App. Div. 1984) (stating, where driver killed as car stolen, death arose from robbery and shooting, and not car use), and Foss v. Cignarella, 196 N.J.Super. 378, 383-84 (Super. Ct. 1984) (stating assault by insured driver on another is occurrence neither insurer nor insured would consider as part of use of car).

**CONCLUSION**

The Court will dismiss the complaint insofar as asserted against SVI without prejudice as premature, as Van Salisbury has yet to secure a judgment against the Horvaths.  Thus, the Court will deny SVI's motion for summary judgment as to the claims asserted against it without prejudice.  Van Salisbury and the Horvaths should seek relief from the State Court Order in state court.  The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge