```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| THOMAS VAN SALISBURY, et al., | : CIVIL ACTION NO. 02-126 (MLC) |
| Plaintiffs, | : **MEMORANDUM OPINION** |
| v. | : |
| SHELBY VESTA INSURANCE COS., et al., | : |
| Defendants. | : |

**THE MAGISTRATE JUDGE** having ordered the parties to show cause by June 30, 2006, why all claims in this consolidated action should not be dismissed (dkt. entry no. 50, 5-26-06 Order to Show Cause);[1] and the plaintiffs Thomas Van Salisbury and Robin Dalton, a/k/a Robin Dalton Van Salisbury, writing to the Magistrate Judge, before the Magistrate Judge issued the order to show cause, to (1) advise that they "will not be pursuing [their] case . . . any longer," and (2) request that the Court "take our case off the docket" (May 2006 Letter, at 1 & 3); and Thomas Van Salisbury and Dalton submitting no further responses to the pending order to show cause; and

**THE PLAINTIFF** Robert Taciak failing to respond to either (1) the pending order to show cause, or (2) the Magistrate Judge's order to show cause, issued on February 21, 2006, why the claims herein should not be dismissed for lack of prosecution under

---

[1] The claims brought under Civil Action No. 03-997 (MLC) were consolidated into this action. (Dkt. entry no. 20.)

Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure ("Rule") 41(b) (dkt. entry no. 44); and it appearing that the action has been pending for more than 120 days without Taciak taking any proceedings; and the Court, as to Local Civil Rule 41.1(a), being authorized to impose harsh penalties when enforcing the Local Civil Rules, see <u>Kabacinski v. Bostrom Seating</u>, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004), <u>United States v. 11 Vehs., Their Equip. & Accessories</u>, 200 F.3d 203, 214 (3d Cir. 2000); and it appearing that a Court, when deciding whether to dismiss claims under Rule 41(b), must balance:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984); and

**TACIAK** failing to (1) respond to two of the Magistrate Judge's inquiries, or (2) prosecute his claims for more than 120 days; and thus the Court concluding that Taciak has (1) become personally responsible for the delay, (2) become dilatory, and (3) demonstrated willful conduct; and thus the first, third, and fourth <u>Poulis</u> factors weighing against Taciak; and

2

**THE COURT** concluding that the delay in prosecution has prejudiced the defendants in their defense of Taciak's claims; and thus the second Poulis factor weighing against Taciak; and the Magistrate Judge affording Taciak — and Taciak failing to take advantage of — the opportunity to proceed; and the Court concluding a sanction other than dismissal will engender more delay and be ineffective; and thus the fifth Poulis factor weighing against Taciak; and the Court, due to Taciak's dilatory conduct, being unable to discern whether his claims have merit; and thus the Court deeming the sixth Poulis factor to be neutral; and the Court balancing the aforementioned six factors against Taciak; and

**THE DEFENDANTS** Joseph Horvath, Sr., Joseph Horvath, Jr., and Adam Horvath requesting that the Court "bring finality to this matter and . . . prevent [them] from incurring additional unnecessary attorney's fees and costs" (dkt. entry no. 51, 6-27-06 Letter); and the other parties listed herein failing to respond to the Magistrate Judge's inquiry; and

**THE COURT** thus intending to grant the order to show cause and terminate the entire action; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                    s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge